**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL COLON,<br><br>                     Plaintiff,<br><br>v.<br><br>SOUTHWEST CREDIT SYSTEMS, LP,<br><br>                     Defendant. | Civil Action No. 22-2025 (SDW)(LDW)<br><br>**WHEREAS OPINION**<br><br><br>June 15, 2022 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon Defendant Southwest Credit Systems, LP's ("Defendant") Motion to Dismiss (D.E. 2-1) Plaintiff Manuel Colon's ("Plaintiff") Complaint (D.E. 1-1) ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and

      **WHEREAS** Plaintiff filed his Complaint on March 3, 2022, alleging that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(2) ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) ("FDCPA"), and New Jersey law when Defendant attempted to collect Plaintiff's debt and reported Plaintiff's debt to a credit reporting agency ("CRA").[1]  (D.E. 1-1 at 3). Specifically, Plaintiff alleges that: (1) Defendant violated the FCRA because Defendant did not "have any written instruction from [Plaintiff] to report any item upo[n]

---

[1] Notably, Plaintiff did not specify any specific cause of action under New Jersey state law that Defendant is alleged to have violated.

1

[Plaintiff's] personal credit profile"; (2) Defendant violated the FDCPA because Defendant was required to produce "a written signed contractual agreement that bears [Plaintiff's] signature upon it and that such amount is expressly authorized by the agreement creating the debt or permitted by law"; and (3) Defendant violated Plaintiff's rights under New Jersey law.  (D.E. 1-1 at 3); and

**WHEREAS** Defendant moved to dismiss the Complaint on the grounds that Plaintiff's causes of action fail as a matter of law because: (1) the FCRA does not require Defendant to obtain written instruction from the debtor when furnishing a debt to a CRA; (2) the FDCPA does not require the production of a written signed contractual agreement that bears the debtor's signature when attempting to collect a debt; and (3) Plaintiff has failed to plead any specific cause of action under New Jersey.  (*See generally* D.E. 2-1 at 1–5); and

**WHEREAS** on May 4, 2022, Plaintiff filed an opposition brief that exceeded the page limit restrictions.  (D.E. 3-1.)  No authorization had been requested or granted from the Court for the additional pages.  (*Id.*)  On May 11, 2022, this Court entered an Order stating, in pertinent part, that:

> Plaintiffs' opposition brief exceeds the page limit restrictions and no authorization has been requested nor granted for additional pages. Plaintiffs brief is stricken as non-conforming. Plaintiff is required to re-submit its opposition, in accordance with the rules, no later than Monday, May 16, 2022 at 8 AM. Failure to timely submit conforming opposition shall deem the motion to dismiss unopposed. Defendant shall have ten (10) days to file a reply brief to the newly submitted conforming opposition brief.

(D.E. 5.)

**WHEREAS** Plaintiff failed to timely submit a conforming opposition brief pursuant to this Court's May 11, 2022 Order.  As a result, Defendant's Motion to Dismiss is deemed unopposed; and

**WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"); and

**WHEREAS** when considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 556 U.S. at 679; and

**WHEREAS** the facts alleged in Plaintiff's Complaint are insufficient to support any claim entitling Plaintiff to relief. (D.E. 1-1); and

**WHEREAS** Plaintiff has failed to sufficiently state a claim under the FCRA. Plaintiff contends that Defendant violated the FCRA when Defendant failed to obtain written instructions from Plaintiff when reporting Plaintiff's debt to a CRA. (D.E. 1-1 at 3.) Section 1681b(a)(2) of

3

the FCRA states, in pertinent part, that "any consumer reporting agency may furnish a consumer report under the following circumstances and no other […] [i]n accordance with the written instructions of the consumer to whom it relates."  Section 1681b(a)(2) of the FCRA expressly applies to CRAs and articulates the permissible purposes in which CRAs can furnish and use consumer reports.  Plaintiff has failed to allege that Defendant is a CRA. (D.E. 1-1 at 3.)  Without more, Plaintiff's complaint fails to allege facts sufficient to maintain a claim under the FCRA.  Plaintiff's FCRA claim will therefore be dismissed; and

**WHEREAS** Plaintiff has failed to state a claim under the FDCPA.  Plaintiff contends that Defendant violated Section 1692f(1) of the FDCPA by failing to produce "a written signed contractual agreement that bears [Plaintiff's] signature upon it." (D.E. 1-1 at 3.)  However, Section 1692f(1) of the FDCPA has no such requirement.  *See* 15 U.S.C. § 1692f(1).  Section 1692f(1) states, in pertinent part, that "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of the section.  Plaintiff's Complaint is absent of any facts sufficient to maintain a claim under the FDCPA. (D.E. 1-1 at 3.)  Thus, Plaintiff's FDCPA claim fails as a matter of law; and

**WHEREAS** Plaintiff has failed to articulate any specific cause of action under New Jersey law that Defendant is alleged to have violated or plead any facts sufficient to support a claim that Defendant's conduct violated New Jersey law. (D.E. 1-1 at 3.)  Instead, through bald assertions, Plaintiff alleges that Defendant violated New Jersey law. (*Id.*)  This is insufficient.  The Complaint does not set forth any facts to suggest that Defendant's conduct violated any provision of New Jersey law. (D.E. 1-1 at 3.)  Without more, Plaintiff's Complaint is fraught with conclusory

4

allegations absent of any facts to support its claims beyond a "speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.  As a result, Plaintiff's Complaint must be dismissed.

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss (D.E. 2-1) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**. Plaintiff shall file an Amended Complaint within thirty (30) days.  An appropriate order follows.

                /s/ Susan D. Wigenton
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
     Parties